Cornen, 37 N. Y. 320, 93 Am. Dec. 573. It follows, therefore, that the real question which this appeal presents is one of fact. If, as claimed by the plaintiff, the certificate was left with the bank by Beaudet for the purpose of procuring a loan, which was refused, and the certificate retained, the defendant would have no title thereto. Such is the claim of the plaintiff, and his evidence tended to establish the claim. Upon the part of the defendant the evidence tended to establish, and the jury were authorized to find, that the certificate of stock was in the possession of Robinson some six months prior to the time when Beaudet claims to have delivered it to the president of the bank, and the stock was in fact pledged to the bank at that time. It also appears that Robinson and Beaudet had dealings as early as October, 1892, and that Robinson had discounted certain notes for Beaudet, which the latter never paid, and which, so far as appears, are still due and owing. The loan to Robinson was in January, about three months after the discount of the notes for Beaudet. The president of the bank testified that Beaudet delivered this certificate of stock to Robinson, but for what purpose he did not know. Upon this testimony we think it became a fair question for the jury, upon which they were justified in drawing the inference that Beaudet left the stock with Robinson, either as security or for the purpose of use in connection with the note transaction discounted by Robinson for him. Robinson is now dead. His mouth is closed, and only the transaction itself and the date appear. The court submitted these questions with fairness and impartiality, and, upon request of the plaintiff, charged that the defendant was not entitled to a verdict unless the jury were satisfied that the stock came into the possession of Robinson with the consent of Beaudet. This was as strong in favor of the plaintiff as he was entitled to ask. A verdict in favor of the defendant upon this testimony cannot be said to be without evidence to sustain it, or against the weight of evidence. No errors were committed upon the trial which prejudiced the plaintiff. It was competent to show Beaudet's financial condition as bearing upon his credibility and the probability of his claim. It follows that the judgment and order should be affirmed, with costs to the respondent.

Judgment and order affirmed, with costs. All concur.

(65 App. Div. 262.)

## DAVIDSON v. FOX.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

1. RECORD—INSTRUMENT ENTITLED TO.

A contract providing for the alteration of a building, whereby the contractor is to take in lieu of final payment a second mortgage on the premises, is not an "instrument by which any estate or interest in real property is created, transferred, mortgaged, or assigned, or by which the title to any real property may be affected," under Laws 1896, c. 547, § 240, so as to be entitled to record.

2. SAME—CANCELLATION.

Where a contract for alteration of a building providing for final payment by a second mortgage is unlawfully recorded by the contractor,

the owner of the building may have the record canceled, under Laws 1896, c. 547, § 276, providing for the cancellation of any recorded instrument relating to realty not entitled to record by law.

Appeal from special term, New York county.

Action by Isaac Davidson against Henry E. Fox. From a judgment for plaintiff, defendant appeals. Affirmed.

The following is the opinion of FREEDMAN, J., delivered at special term:

The cause of action in this case has been reduced by statement of counsel made upon the trial to an action to cancel of record a contract entered into between the parties herein, the plaintiff as owner and the defendant as contractor, for the alteration of a building, and which contract the defendant caused to be recorded in the office of the register of the city and county of New York as a conveyance affecting the title to the premises on which the building stood. The clause in the contract which the defendant claims gives to him the right to have it placed upon the record reads as follows: "And when the entire work is completed the contractor shall take, in lieu of final payment, a 2d mortgage on the premises aforesaid for the balance of six thousand seven hundred and eighty-five dollars ($6,785) at 5%, to run for six (6) months, with the understanding that the said mortgage may be paid off at any time before the expiration of the six months, at the option of the owner, on ten days' notice in writing being given to the said party of the 2d part."

This action was brought under the provisions of section 276 of the real property law, which reads as follows:

"Sec. 276. Actions to have certain instruments cancelled of record.—An owner of real property or of any undivided part thereof or of interest therein, may maintain an action to have any recorded instrument in writing relating to the same, other than those required by law to be recorded, declared void or invalid, or to have the same cancelled of record as to said real property, or his undivided part thereof or interest therein." Laws 1896, c. 547.

It will appear from a reading of the foregoing section that the only question to be determined in this case is whether or not the instrument recorded by the defendant is such an instrument as is not required by law to be recorded. The sections of the real property law referring to conveyances and the recording of the same are as follows:

"Sec. 240. Definitions; effect of article.— * * * The term 'conveyance' includes every written instrument by which any estate or interest in real property is created, transferred, mortgaged or assigned, or by which the title to any real property may be affected, including an instrument in execution of a power, and although the power be one of revocation only, except a will, a lease for a term not exceeding three years, an executory contract for the sale or purchase of lands and an instrument containing a power to convey real property as the agent or attorney for the owner of such property. * * *

"Sec. 241. Recording of conveyances.—A conveyance of real property within the state on being duly acknowledged by the person executing the same, or proved as required by this chapter, and such acknowledgment or proof duly certified when required by this chapter, may be recorded in the office of the clerk of the county where such real property is situated. Every such conveyance not so recorded is void as against any subsequent purchaser in good faith and for a valuable consideration from the same vendor, his heirs or devisees, of the same real property, or any portion thereof, whose conveyance is first duly recorded."

"Sec. 244. Recording executory contracts and powers of attorney.—An executory contract for the sale or purchase of real property or an instrument containing a power to convey real property, as the agent or attorney for the owner of the property, acknowledged or proved and certified in the manner to entitle a conveyance to be recorded, may be recorded by the recording

officer of any county in which any of the real property to which it relates is situated."

By those provisions only instruments whereby an estate or interest in real property is created, aliened, mortgaged, or assigned, or by which the title to real estate may be affected, or executory contracts for the sale or purchase of land, and powers of attorney authorizing the sale of land, may be recorded. Gillig v. Maass, 28 N. Y. 192, 212–215. The agreement in question made between the parties herein cannot be construed so as to bring it within any of those provisions. The argument put forth by the counsel for the defendant, in his brief, that it may be deemed an equitable mortgage, is untenable. All that is contained in that clause of the contract referred to and recorded by the defendant is an agreement by him to take a second mortgage in lieu of the final payment thereunder. An equitable mortgage may be defined as a transaction which has the intent, but not the form, of a mortgage, and which a court of equity will enforce to the same extent as a mortgage (11 Am. & Eng. Enc. Law [2d Ed.] 123), and it has been held that an agreement for a mortgage is, in equity, a specific lien upon land (Payne v. Wilson, 74 N. Y. 348). But in the case at bar the plaintiff makes no agreement for a mortgage, the contract simply providing that he may make the final payment by giving a mortgage as therein provided, if he so desires, and binding the defendant to accept such mortgage in lieu of such final payment. The contract aforesaid, therefore, is not an equitable mortgage, nor is it an "instrument by which any estate or interest in real property is created, transferred, mortgaged, or assigned, or by which the title to any real property may be affected," and is not required to be recorded.

The plaintiff must have judgment, with costs.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Edmund L. Mooney, for appellant.
Henry A. Forster, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of court below.

---

(36 Misc. Rep. 326.)

### PEOPLE v. MONTGOMERY.

(Supreme Court, Trial Term, Delaware County. November, 1901.)

1. INDICTMENT—DISMISSAL.

A motion to dismiss an indictment on the ground that the same was not properly found by the grand jury, and that incompetent evidence was received by it, not being among the grounds authorizing the dismissal of an indictment under Code Cr. Proc. § 313, as amended in 1897, must be denied.

2. SAME.

Under Code Cr. Proc. § 671, providing that a court may of its own motion, or on application of the district attorney, order an indictment dismissed, the right is available only to the court or the district attorney.

Harvey D. Montgomery was indicted for murder. Motion to dismiss indictment. Denied.

George A. Fisher, Dist. Atty., for the People.
O'Connor & O'Connor, for defendant.

FORBES, J. The defendant, Harvey D. Montgomery, was indicted for murder in the first degree, and subsequently arraigned at a regular term of this court. That indictment appears to have